# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

ANTHONY ROBINSON                                                              PLAINTIFF

V.                                                          NO. 3:15-CV-00052-DMB-JMV

HAMILTON BEACH BRANDS, INC.
AND SEDANO STAFFING                                                         DEFENDANTS

## ORDER ADOPTING REPORT AND RECOMMENDATION

On June 8, 2015, United States Magistrate Judge Jane M. Virden issued a Report and Recommendation ("R&R") recommending that Plaintiff Anthony Robinson's case be dismissed for failing to state a claim for which relief may be granted. Doc. #8. On June 15, 2015, Robinson filed a "written letter objecting that [his] case be dismissed." Doc. #9 at 6-7. In his letter, Robinson argues that despite providing this Court with "a full report of all sorts of crimes," his case is being dismissed because he is "a disenfranchised, poor, black man." *Id*. at 2.

On July 1, 2015, Robinson filed a response to the R&R, alleging that when he spoke to Tommy L. Cooper at the Equal Employment Opportunity Commission, he was informed that he "would have to get [his] own lawyer" and that he was never told he could file a complaint without a lawyer. Doc. #12 at 1. Robinson additionally sent this Court a letter, which was filed July 20, 2015, reiterating many of the points in his initial complaint. Doc. #13. Robinson then mailed a second letter, which was filed September 23, 2015, inquiring about the status of his case and asking the Court to put prejudice aside in deciding his case. Doc. #17.

Having considered the R&R and Robinson's June 15 letter of objection, along with his July 1 response, and letters of July 20 and September 23,[1] the Court concludes that Robinson's

---

[1] Magistrate Judge Virden advised in the R&R that any objections to the R&R were required to be in writing and filed within fourteen (14) days of the date of its filing, and that a failure to timely file written objections would "bar

objections are without merit. Magistrate Judge Virden's R&R recommends the dismissal of Robinson's case because Robinson failed to file his suit within 90 days of having received his right-to-sue letter and because he may not invoke equitable tolling based on his mistaken belief that he needed a lawyer. Doc. #8 at 4-5. This Court agrees. Accordingly, it is **ORDERED** that:

1. Robinson's objections to the R&R are **OVERRULED**;

2. The R&R is hereby **APPROVED AND ADOPTED** as the opinion of this Court; and

3. Robinson's case will be **DISMISSED** with prejudice for failure to state a claim upon which relief could be granted.

**SO ORDERED**, this 20th day of January, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court." Doc. #8 at 6. Because the R&R was filed June 8, 2015, any objections were due to be filed no later than June 22, 2015. Only Robinson's June 15, 2015, letter of objection was filed within this time period. Because the other documents submitted by Robinson were filed after the due date for objections, this Court is not bound to consider them in evaluating the R&R. *Cox v. Brennan*, No. 2:14-CV-00810-JRG-RSP, 2015 WL 5674864, at *5 (E.D. Tex. Sept. 24, 2015) ("A late-filed objection shall bar a party from *de novo* review by the district judge of those findings, conclusions, and recommendations") (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996). Having done so, however, such documents do not change the outcome of this case.